GEORGE C. PEAK, Plaintiff in Error, *v.* HENRY PRICER, use of, etc., Defendant in Error.

ERROR TO MACON.

The fact that a court has appointed a guardian *ad litem* for a party to a suit, is conclusive evidence of his infancy, for that purpose alone, and does not affect the question of infancy, which may be subsequently raised by the proper plea.

When the court appoints a guardian *ad litem* to an infant defendant, it is the duty of the judge to see that a proper defense is interposed ; and it is error for the court to permit the guardian to withdraw a plea, and allow a judgment by default to be entered against the infant.

It is also the duty of the court, in such a case, to see that a defense is made for the infant.

THIS was an action of assumpsit on a promissory note, commenced by Pricer against Peak and another, in the Circuit Court of Macon county, EMERSON, Judge.

It appearing to the court that Peak was a minor, under the age of twenty-one years, W. E. Nelson was appointed his guardian *ad litem*, who filed pleas for his ward, and entered appearance as attorney of Shasted, the other defendant, and on the same day pleas were withdrawn by *agreement of parties*, and judgment was entered against the defendants. The pleas that were filed and withdrawn, were non assumpsit and infancy.

Peak, one of the defendants below, now brings the case to this court by writ of error, assigning as errors:

That the guardian *ad litem* withdrew pleas filed by him, and agreed to a judgment against his ward.

That the court below suffered the guardian *ad litem* of plaintiff in error, to withdraw pleas that had been filed, and to agree to a judgment against him, said plaintiff in error.

D. A. AND T. W. SMITH, for Plaintiff in Error.

THORPE & TUPPER, for Defendant in Error.

CATON, C. J.   Before the court could appoint a guardian *ad litem* for the infant, it necessarily had to find the fact of infancy. The act of appointing the guardian, shows that that fact was found by the court to exist, and for that purpose, and that purpose alone, such finding was conclusive of that fact.   Upon a plea of infancy, formed upon the record, as a matter of defense, such preliminary finding by the court could have no influence. The court finds the fact of infancy for the purpose of appointing a guardian to make defense, upon mere suggestion, where it is not denied, and without strict legal proof that it is true, while a plea of infancy interposed by the guardian, must be sustained by legal proof, the same as any other plea.   After the guardian was once appointed, and until he was discharged or removed by order of the court, the defense could only be conducted by him, and it became his duty to make a proper defense for the infant, and also the duty was imposed on the court to see that such defense was made, or, at least, to see that some defense was made.   It was error, therefore, for the court to allow the plea which had been filed by the guardian, to be withdrawn by him, and to render a judgment by default against the infant.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*