CHARLES H. STARK *et al.*

*v.*

ANSEL L. BROWN *et al.*

*Filed at Mt. Vernon January 18, 1882.*

1. INFANTS—GUARDIAN AD LITEM—*duty of guardian.* It is the duty of a guardian *ad litem* of infant defendants, to submit to the court, for its consideration and decision, every question involving the rights of his wards.

2. SAME—*duty of the court.* But the court will protect the rights of infants where they are manifestly entitled to something, although their guardian *ad litem* neglects to claim it in their behalf.

3. SAME—*pleading and evidence—what defences under general answer of guardian.* On a bill for partition against infants, the guardian *ad litem* answered, praying the protection of the court for his wards, and denying that the petitioners had any interest in or title to the premises: *Held,* that under such answer all defences that could be legally availed of, under any answer, were to be considered as interposed on behalf of the minors, and hence they could avail of the Statute of Limitations under the act of 1839.

4. LIMITATION—*whether properly pleaded.* On a bill for partition the adult defendants answered, denying that the petitioners had any interest in the land, and alleging that the tract was owned by their father, that he sold the same to another, since deceased, whose heirs are the owners of it, subject to a deed of trust or mortgage executed by such grantee to their father, and that the former, at the time of his death, was in the actual possession of the premises, and had been for several years, and had placed upon the same valuable and permanent improvements, and that their father and his said grantee had paid the taxes thereon for thirty years, consecutively: *Held,* that such answer was not technically sufficient to present a defence under the second section of the Limitation law of 1839.

5. PURCHASER—*who may purchase at tax sale—and acquire color of title.* An administrator of an estate, having no power or control over the land of his intestate, and not being required to pay the taxes thereon, may rightfully become the purchaser of the same, as against the heirs, at a sale for the taxes thereon, and set up his deed as color of title, under the Limitation law of 1839.

6. PRACTICE—*when to object—admission of evidence under defective pleading.* Although an answer setting up a defence of the Limitation law of 1839 be technically defective, if no exception is taken to it, and no objection is made on the hearing to evidence tending to show color of title in an ancestor of the defendant, or payment of taxes by him or his grantee, and the case is tried precisely as if the defence had been formally pleaded, such evidence may be considered, and an objection to the answer and the evidence under it, for the first time in this court, comes too late.

7. ADMINISTRATOR—*powers and duties in respect to land.* It was not the duty of an administrator, under the laws in force in 1844, to pay the taxes upon the lands of his intestate, the title being in the heirs, who were entitled to the rents and profits. His power was only to apply for and obtain leave to sell the lands for the payment of debts, and he could not take any steps to remove liens or incumbrances of any kind.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

William P. Hall, now deceased, in his lifetime was the owner of the patent title to the south-west quarter of the south-west quarter of section twenty-eight (28), in township four (4) north, of range seven (7) west of the third principal meridian. Said William P. Hall died intestate on the 8th of October, 1839, leaving certain children surviving him as his heirs at law, who have all since conveyed their interest

in said tract of land to William H. Hall, and subsequently said William H. Hall conveyed an undivided half of said tract to Ansel L. Brown. Brown filed his petition for partition in the office of the clerk of the circuit court of Madison county, to the October term, 1879, of that court, against William H. Hall and the plaintiffs in error. A guardian *ad litem* was appointed to answer and defend for William Prunse, Charles Prunse, Dorris Prunse, Henry Prunse, and Frederick Prunse, who were minors, and without guardian. He answered, praying the protection of the court for his wards, and denying that either the said petitioners or the said Hall had any interest in or title to the premises.

Amelia Fressen, one of the children and heirs at law of William Prunse, deceased, together with her husband, George Fressen, answered, denying that Brown or Hall had any interest in or title to said real estate, in possession, remainder, reversion, or otherwise, and averring that she, together with her co-defendants, William Prunse, Charles Prunse, Dorris Prunse, and Frederick Prunse, are the owners in fee simple of said premises, and derive title thereto by descent from their deceased father, William Prunse, and deny that petitioner is entitled to the relief prayed for. Charles H. Stark, Nicholas C. Stark, and Rachel M. Stark, answered, denying that either Brown or Hall have any interest in said tract of land, and alleging that said tract was owned by Solon Stark, their father, in fee, in his lifetime; that he sold and conveyed the same to William Prunse, since deceased; that the heirs at law of said Prunse are the owners of said land, subject to a deed of trust or mortgage executed by said Prunse to said Stark; that said Prunse was, at the time of his death, in the actual possession of said premises, and had been for years past, and has placed upon the same valuable and permanent improvements; that said Stark and said Prunse have paid the taxes on said land for thirty years, consecutively.

On hearing, the circuit court decreed in conformity with the prayer of the petition, declaring that the title and claim of the plaintiffs in error was void and of no effect, etc.

Messrs. KROME & HADLEY, and Mr. DAVID GILLESPIE, for the plaintiffs in error.

Messrs. IRWIN & SPRINGER, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Whatever title Solon Stark, in his lifetime, obtained to the tract of land in controversy, the plaintiffs in error havê, and they therefore, on the hearing, gave evidence tending to show that he had color of title, made in good faith, and paid all taxes assessed thereon for more than seven successive years, and so that their defence against the claim of Brown and Hall, under the patent title, was complete, by virtue of the second section of the act of March 2, 1839, entitled, "An act to quiet possessions, and confirm titles to land."

But the objection is made that this defence is not set up in the answers, and can not, therefore, be sustained,—and the consideration of this question necessarily precedes all discussion upon the merits. William Prunse, Charles Prunse, Dorris Prunse, Frederick Prunse, and Henry Prunse, were minors at the time of the hearing, and answered by their guardian *ad litem.* It was the special duty of the guardian *ad litem* to submit to the court, for its consideration and decision, every question involving the rights of his wards. *Knickerbocker* v. *De Freest,* 2 Paige, 304. And the court will protect the rights of infants, where they are manifestly entitled to something, although their guardian *ad litem* neglects to claim it in their behalf. *Stephens et al.* v. *Van Buren et al.* 1 Paige, 479. The principle has been approvingly recognized by this court in *Peak* v. *Pricer,* 21 Ill. 164; *Rhoads* v. *Rhoads,* 43 id. 239; *Chaffin* v. *Heirs of Kimball,*

23 id. 36; *Fischer* v. *Fischer*, 54 id. 231; *Cartwright* v. *Wise*, 14 id. 417. We are, therefore, of opinion that under the answer filed by the guardian *ad litem*, all defences that could be legally availed of, under any answer, are to be considered as interposed on behalf of the minors.

The answer of the Starks, who claim as holders of a mortgage executed by William Prunse to Solon Stark, is, undoubtedly, not technically sufficient to present a defence under the second section of the Limitation act of March 2, 1839, *supra*, upon the authority of *Nichols* v. *Padfield*, 77 Ill. 253. Still, it does show that title in Solon Stark, and payment of taxes by him, are relied upon as a defence, and no exception was taken to its sufficiency, and no objection was urged to the introduction of evidence tending to show color of title in Solon Stark, or payment of taxes, etc., by him, upon the hearing. The case would seem to have been tried precisely as if the defence of color of title in Solon Stark, made in good faith, and payment of taxes thereunder by him for seven successive years, had been specifically set up in the answer as a defence under the second section of the Limitation act of 1839. Had exceptions been sustained to the answer for this reason, or had objection been urged to the introduction of evidence on the hearing, upon the ground that this defence was not set up in the answer, it would have been within the power of the court to have allowed the answer to be amended, so as to obviate all objection. *Jefferson County* v. *Ferguson et al.* 13 Ill. 33.

We are, therefore, of opinion that under all the circumstances, the objection, so far as it affects the answer of the Starks, is also untenable. It is urged for the first time in this court, and must be regarded as coming too late.

We come, then, to the question, was the deed to Solon Stark made in good faith? There is no controversy but that it is good color of title, and it is admitted that he paid taxes under it for more than seven successive years. Solon Stark administered upon the estate of William P. Hall, deceased, on the

2d of January, 1840, and his administration continued as late as March, 1849. He obtained an order of the proper court to sell real estate to pay debts, and sold a large amount of real estate for that purpose; but, notwithstanding this, the estate was insolvent, and a considerable per cent upon the debts was never paid. Stark, as administrator, returned no inventory of this tract of land, and obtained no order to sell it to pay debts. The taxes assessed against it for the year 1843 being unpaid, judgment was rendered for the same by the circuit court of Madison county, at its May term, 1844, and the land was subsequently sold under that judgment to Solon Stark; and there being no redemption from this sale, the sheriff of Madison county executed a deed to him for the land, on the 4th of December, 1848.

The contention of defendants in error is, that Solon Stark, by virtue of his position as administrator, was a trustee over this land, and could not, therefore, in good faith purchase it. Was he such trustee? It was not the duty of the administrator to pay the taxes on this land. It descended to the heirs at law, and they at once became entitled to the rents and profits thereafter maturing. (*Green* v. *Massie*, 13 Ill. 363.) The administrator, in the contingency, only, of the insufficiency of the personal estate to pay the debts, is empowered and required to make application for a decree authorizing him to sell the real estate to supply the deficiency in the assets; but he is limited strictly to obtaining and executing such decree, and is not authorized to remove incumbrances or liens of any kind which may affect the real estate. *Phelps* v. *Funk-houser*, 39 Ill. 401; *Cutter* v. *Thompson*, 51 id. 390; *Gridley* v. *Watson*, 53 id. 186; *Shoemate et al.* v. *Lockridge*, id. 503; *Foltz* v. *Pruse*, 17 id. 487; *Walbridge* v. *Day*, 31 id. 379; *Helm* v. *Cantrell*, 59 id. 524; *Stone* v. *Wood*, 16 id. 177; *Sutherland* v. *Harrison*, 86 id. 363.

The question here is between the administrator and the heirs at law. The duty of inventorying real estate affects

creditors of the estate only. It furnishes notice to them of the existence of such estate, but the rights of the heirs are unaffected by it in any way. In the present instance, if the estate had been inventoried, as it should have been, it would, or at least should, also have been included in the decree, and sold for the payment of debts; and it is impossible that the heirs can have been in any way prejudiced by not having had it so included and sold. Since, then, the administrator owed no duty to pay the taxes assessed against this land, and owed no duty in regard to it affecting the rights of the heirs which he has failed to discharge, we are of opinion he might, in good faith, become its purchaser at a sale for taxes. His purchase conflicting with no duty he owed the heirs at law in regard to the land, in allowing it to be made, no temptation is afforded to a betrayal of trust.

It has been held, and the principle would seem to be controlling here, that an administrator may lawfully deal with property of his intestate which is not within his control as administrator, as, for instance, property in a different State, and administered upon by a different administrator under the laws of that State. *Sheldon* v. *Rice,* 30 Mich. 296.

There is no other circumstance in evidence tending to impeach the good faith of Stark's title. Indeed, the tendency of the evidence is, very clearly, to show that he was endeavoring to, and supposed in fact he was, getting a good title. Even where it is shown a party knows of defects in a title, we have held it was not conclusive evidence of bad faith. *Davis* v. *Hall,* 92 Ill. 85; *Smith* v. *Ferguson,* 91 id. 304; *Cook* v. *Norton,* 43 id. 391.

We think, under the evidence, the decree below is erroneous. It is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*

26—101 ILL.

Scott and Sheldon, JJ.:   We do not concur in the view that the administrator of an estate may purchase at a sale for the taxes the lands of his intestate, and hold them for himself.   We think that holding the relation he does, under our law, toward the estate and the intestate's lands, the policy and principles of the law do not allow him thus to acquire title to such lands for his own benefit,—that the purchase of them at a tax sale should be held to inure for the benefit of the estate, and be held but as a mode of payment of the taxes on the lands on behalf of the estate, and hence that title so acquired by an administrator is not color of title in himself, in good faith.