[No. 2183.]

APPELMAN v. THE BROADWAY INSURANCE COMPANY.

1.   Pleading—Practice—Insufficient Denial—Waiver.

Where the denial in an answer was, in form, "denies each and every other material allegation," an objection to its sufficiency after plaintiff has introduced his evidence in support of the allegations intended to be put in issue by the denial and when defendant offered to introduce his evidence, came too late, and the insufficiency was waived.

2.   Contracts—Principal and Agent—Insurance.

In an action by an insurance company against its local agent to recover premiums collected to its use, a counterclaim by defendant alleging a contract whereby plaintiff agreed in

case it withdrew from the insurance business in defendant's territory nothing should be done to disturb the business on defendant's books, but that defendant should have the option to reinsure all of its business in other companies or to take up all policies then in force at pro rata premiums less the cost of obtaining the same, and a breach of said contract whereby plaintiff without defendant's knowledge or consent retired from business in defendant's territory and caused its business to be reinsured by another insurance company without notice to defendant and without giving him an opportunity to exercise his option as provided in the contract, states a cause of action against the insurance company.

*Appeal from the District Court of Arapahoe County.*

Mr. SYLVESTER G. WILLIAMS and Mr. HARVEY RIDDELL, for appellant.

Mr. HENRY CHARLES CHARPIOT, for appellee.

Messrs. BROWNELL AND PATTERSON, of New York City, of counsel.

GUNTER, J.

1. Plaintiff's cause of action was stated in two counts—one on an account for fire insurance premiums received by defendant to the use of plaintiff; the other on an account stated, covering the same premiums. The first ground of defense was a denial; the second a counterclaim. The form of the denial was: "Denies each and every other material allegation of the said second alleged cause of action."

The evidence of plaintiff tended to show that defendant was its local agent; that as such he wrote policies, collected premiums thereon and was indebted in a balance upon an account for such collections.

Defendant offered to show in effect that at all times mentioned in the complaint a certain corporation, and not defendant, was the agent of plaintiff; that defendant was merely a stockholder in and an officer of said corporation, and that plaintiff's claim was against such corporation and not against defend-

ant. This offer was refused. It is contended that this ruling was correct because the allegations of the second count were not put in issue by above denial. The time when objection was made in the trial court to the sufficiency of the above denial is material. After plaintiff had closed its evidence in chief, and when defendant began to offer his evidence, this objection was made. The objection came in the form that the tendered testimony was "irrelevant." We think it came too late. By leaving this ground of defense in question until trial and by offering evidence in support of its complaint, plaintiff treated the denial as sufficient. If the denial was not sufficient there was no need of tendering any evidence whatever in support of plaintiff's claim.—*Collins v. Trotter,* 81 Mo. 275; *First National Bank v. Hastings,* 7 Colo. App. 129, 131, 42 Pac. 691.

2.   The counterclaim was:

"That plaintiff entered into a written contract with defendant, whereby   *   *   *   the plaintiff did agree that in the event of said plaintiff's retiring from the agency business at Denver by reinsurance or otherwise, nothing should be done to disturb the business on the books of the defendant, but   *   *   * that it should be optional with said defendant upon notification of said plaintiff's intention to stop doing business at Denver, to make in a reasonable time, not exceeding thirty days, either a reinsurance contract of all business of defendant in said plaintiff company   *   *   *   on terms satisfactory to said plaintiff,   *   *   * or to be privileged to take up all policies then in force in said company at *pro rata* premiums less cost of obtaining the same, as had been charged by defendant to said plaintiff in former accounts.

"And defendant says that   *   *   *   the plaintiff on   *   *   *   the 11th day of November, A. D. 1896, without the knowledge or consent of the defend-

ant and without any notice to defendant, did proceed to retire from the agency business at Denver, and did itself cause to be reinsured in another fire insurance company,  *  *  *  without the knowledge, consent of or notice to defendant, all of the business on the books of defendant and neglected and refused to allow the defendant to exercise his option as provided in said agreement or to either make a reinsurance contract of said business or to take up the policies in force, as was in said agreement provided that defendant might do.  But there and then plaintiff did terminate forthwith the agency of defendant, and sold all records and supplies in possession of defendant to the said  *  *  *  agency, and did notify defendant that henceforth no policy of said Broadway Insurance Company should be cancelled for any cause, except at short rates  *  *  * . And further, thereafter, although the defendant did elect and did duly notify the plaintiff of his election to cancel said policies at *pro rata* premiums, the plaintiff refused and at all times since has refused to permit the cancellation of said or of any of said policies or to permit the business to be reinsured by defendant; and did repudiate its agreement in that behalf and refused to be bound thereby.

"That the defendant has duly performed all conditions of said contract on his part to be performed.

"By reason of the said acts and breach of said contract by the plaintiff the defendant was and is greatly injured and damaged  *  *  *  in his business, and sustained by reason of said acts of the plaintiff great financial loss and damage and inconvenience and loss of time, to the damage of the defendant in the sum of $2,000."

Among other defenses to this counterclaim was a denial.  Defendant introduced without objection the contract sued on in the counterclaim.  Also evidence

tending to show a breach of the contract by plaintiff; then offered to show that he was damaged in his business by reason of the breach of the contract of the plaintiff in refusing to permit him to reinsure the business or cancel the business *pro rata*. He further offered to show that by the contract of reinsurance entered into by the plaintiff with The Hartford Fire Insurance Company the business upon his books evidenced by the expiration list was turned over to The Hartford Fire Insurance Company and all his expirations thereby disclosed; that these expirations and the secrecy of the same which belonged to his business were valuable; that under the terms of this contract had he been permitted to reinsure or cancel, his business would have been protected and his expiration list kept secret, whereas, by its being disclosed, its value was destroyed. The court refused the offer.

From the briefs of counsel it seems that the ruling of the court in rejecting the evidence was because the counterclaim did not state facts sufficient to constitute a cause of action. We fail to see wherein the counterclaim is so defective. It appears plaintiff agreed with the defendant that if it retired from the agency business at Denver nothing should be done to disturb the business on the books; that he should have the option of reinsuring the business in plaintiff's company upon his books or of cancelling the policies at *pro rata* rates. This was a valuable right to defendant, as it would be to any agent with business on his books. This right, according to the allegations of the counterclaim, was violated. From the violation of the right nominal damages at least ensued. While we express no opinion as to what is a measure of damages in such case, we think the lower court erred in refusing to permit defendant to introduce evidence to sustain his allegation of damage.

Judgment reversed.     *Reversed.*