[No. 16410.  Department Two.  October 15, 1921.]

UNITED RAILWAY & LOGGING SUPPLY COMPANY,
*Respondent,* v. SIBERIAN COMMERCIAL
COMPANY, *Appellant.*[1]

BILLS AND NOTES (34)—TRADE ACCEPTANCES—NEGOTIABILITY—TIME OF PAYMENT—HOLDER IN DUE COURSE—STATUTES. A trade acceptance reciting "on December 1, pay to the order of G. W. Laing," is incomplete so far as fixing date of payment, and hence constitutes a non-negotiable instrument against which the drawee has a right to defend, in view of Rem. Code, § 3443, which defines a holder in due course as "a holder who has taken the instrument under the following conditions: (1) that it is complete and regular on its face."

SAME. Where a trade acceptance attempts to fix, without completing, the statement of time of payment, it does not come within the definition of Rem. Code, § 3398, declaring an instrument is payable on demand ". . . (2) in which no time of payment is expressed."

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 20, 1920,

[1]Reported in 201 Pac. 21.

upon findings in favor of the plaintiff, in an action on trade acceptances, tried to the court. Reversed.

*C. H. Hanford,* for appellant.

*Reynolds, Ballinger & Hutson* and *Elmer W. Leader,* for respondent.

MAIN, J.—This action was brought to recover upon two written instruments called trade acceptances. The trial resulted in findings of fact, conclusions of law, and a judgment sustaining the right to recover. The defendant appeals. The trade acceptances were drawn on August 1, 1919, and delivered on or about the same date. In attempting to fix the due date in one it is recited: "On December 1, pay to the order of G. W. Laing." In the other recital is the same, except that November 1 is mentioned. In neither is the year specified. The acceptances were drawn by one G. W. Laing and were accepted by the appellant. They were subsequently transferred by Laing to the Ballard Lumber Company, and from that company to the respondent. The appellant sought to interpose a defense which he would not have a right to make against one holding them in due course as was the respondent, if they are in fact negotiable instruments.

The controlling question then is whether the failure to fill in the year in an attempt to specify the due date renders them nonnegotiable. The respondent takes the position that the omission of the year may be viewed in one of two ways, either the time of payment is certain, or that no time of payment is fixed in the instruments and they are therefore payable on demand. According to the negotiable instrument law, § 3398, Rem. Code (P. C. § 4078), "an instrument is payable on demand . . . (2) in which no time of payment is expressed." By § 3443 (P. C. § 4123), "a

holder in due course is a holder who has taken the instrument under the following conditions: (1) that it is complete and regular on its face . . ." Those sections being both embodied in the negotiable instrument law, it is necessary to give effect to each. According to the section last quoted, a holder in due course must be one who has taken an instrument which is complete and regular on its face. As above stated, in one of the trade acceptances, in attempting to fix the due date, only December 1 is mentioned, and in the other November 1. In each case there was an attempt to fix a due date and it was not completed by reason of the fact that the year was omitted. In *In re Philpott's Estate,* 169 Iowa 555, 151 N. W. 825, the court had before it a note which provided that it was payable "on or before 4—— after date." The question there arose, under a similar provision of the statute, whether the note was complete and regular upon its face, and it was held not to be so. There was an apparent attempt to fix a due date but it was not complete, owing to the fact that it did not specify whether it was payable four days, four months or four years after date. In the course of the opinion it was said:

"This note was not 'complete and regular' upon its face. It indicated upon its face that some word had been omitted in an attempted specification of the time of payment . . .

"If the real intent of the parties in interest was to make this instrument payable in four years, it may be that the payee could have lawfully corrected the oversight by inserting the word 'years'; and it may be also that this would have rendered the note negotiable to a holder in due course as defined in the section above quoted. The question in that form is not now before us and we need not pass upon it. We think it quite clear that this irregularity upon the face of the note pre-

vented its taker from becoming a holder in due course. It could be deemed a demand note, unless the agreement of the parties was in fact otherwise. If otherwise, such fact was suggested by the incompleteness of the terms actually used.

"The controlling fact at this point is, not that the blank was not filled, but that it *was filled imperfectly* or irregularly. Though we grant that the note was presumptively good as a demand note, yet it was not 'complete and regular' within the requirements of section 3060-a52, and therefore was not negotiable."

It is true that the omission in that case was not the same as in the present case, but in each case there was an attempt apparent upon the face of the instruments to fix a due date, and in each case there was an omission. Were it not for the section of the statute requiring a holder in due course to be one who has taken an instrument complete and regular upon its face, it may be that the instruments here in question would be deemed to be payable on demand, but where there is an attempt to fix a due date which is not complete, it would seem only reasonable to hold that the instrument is one not complete and regular on its face and the section of the statute requiring it to be such would prevail. In the case of *Collins v. Trotter,* 81 Mo. 275, the question was whether a note which was payable on the "first day of March," omitting the year, was payable on demand and therefore negotiable, and it was there held to be such. But that case is rested upon the law merchant and makes no mention of a requirement that a holder in due course must be one who has taken the instrument which is complete and regular upon its face. In view of the statutory requirement embodied in the negotiable instrument law, that case cannot be considered to be in point. In Selover, Negotiable Instruments (2d ed.), p. 65, it is stated that an instrument payable on the "first day of March," without mention-

ing the year, is payable on demand, but in support of the text only the case of *Collins v. Trotter, supra,* is cited.

Since the trade acceptances were not complete and regular on their faces, the appellant had a right to defend against them as non-negotiable instruments.

The judgment will be reversed and the cause remanded.

PARKER, C. J., MACKINTOSH, and MITCHELL, JJ., concur.