Darius B. Cartwright, Appellant, *v.* Andrew Wise et al., Appellees.

### APPEAL FROM KNOX.

A guardian *ad litem* cannot waive any of the rights of the defendant whom he represents, and when incompetent and illegal evidence is introduced without objection by the guardian, the court is bound to notice and exclude such evidence. Where a father purchased land with his own money, and took the title to his idiot son : —

*Held,* that the father could not afterwards claim a resulting trust therein, and that he did not intend it for the benefit of his son, but for his own use, but that it would be held to be an advancement in favor of the child, and irrevocable by the father.

*Held,* also, that the purchaser from the father of such land would occupy no better position than his grantor, and was not entitled to any relief in equity.

This was a bill filed by the appellant in the Knox Circuit Court, on the chancery side thereof, for relief.

The bill alleges, in substance, that, in 1850, the complainant purchased of the defendant, Andrew Wise, who was in posses-

sion of the land described in said bill, and who represented himself the owner thereof, and paid him the consideration agreed upon, and received from him a warranty deed of the same. The bill also alleges, that said Andrew purchased said land at government sale, and paid his own money therefor; but for certain reasons assigned in the bill, had the land entered in the name of his idiot son, William Wise; that he also purchased said land in good faith, and for a valuable consideration, and prays for the appointment of guardian *ad litem* to the said William, and that the legal title vested in said William may be conveyed to him, &c. The complainant proved his said bill by the testimony of the said defendant, Andrew Wise.

By the judgment of the court below, the bill was dismissed on the hearing, and the complainant appealed.

MANNING and DOUGLASS, for appellant.

GLOVER & COOK, for appellees.

CATON, J. There are several good reasons why this decree should be affirmed. In the first place, the witness by whom the allegations of the bill were attempted to be established, was an interested and an incompetent witness. He was interested in forcing a title to the land, from his unfortunate son, that he might not be called upon to refund the money which he had received from a sale of the land. He had sold the land, and received the money for it, representing himself to be the owner. If the title is not made good to the purchaser, he, of course, is liable to an action for the money thus received. He was, therefore, directly interested to have the title confirmed. It is true, the guardian *ad litem* raised no objection to the competency of the witness. But this cannot prejudice the rights of the defendant, whom he represented. The guardian could waive none of his rights. They are committed to the protection of the court, whose duty it is to notice legitimate and substantial objections in such a case, whether raised by the guardian or not. He who prosecutes an infant or an idiot, must see to it that he makes out a proper case, and by competent proof, before he can expect a decision in his favor.

But had the bill been sustained by competent proof, we think the complainant is not entitled to the relief sought. If he did not know that the title to the land was in William Wise, he might have known it, and should have known it. The records of the land-office showed it, and in examining the muniments of the title to the land, he must have seen to whom the land

State, *ex rel.* City of Rockford, *v.* Maynard.

belonged.  A reasonable precaution demanded that he should call upon Andrew Wise to exhibit the title to the land which he professed to own and offered to sell.  If he did not do this, it was his own fault; and if a loss results, he, rather than an innocent party, should sustain it.  He is chargeable with notice, and occupies no better position in this controversy than his grantor would have occupied, had the bill been filed by him to obtain the title.  The question then arises, Whether a father, who purchases land with his own money, and takes the title to his idiot son, can file a bill for a resulting trust, and claim that he did not intend it for the benefit of his son, but for his own use? We are prepared to say that such a bill cannot be sustained. It must be held to be an advancement in favor of the child. The policy of the law requires that such an advancement thus made to such a party, should be held to be irrevocable by the father.  A contrary rule would open too wide a door for the revocation of advancements to those who have such a peculiar claim upon the bounty and protection of a father.  The very idea of selecting an idiot for a trustee, is absurd.  He must be incapable of executing or discharging any duty in relation to it; and the very suggestion indicates insanity, or a contemplated fraud on the part of the father.

Let the decree be affirmed.

*Decree affirmed.*