444　　　　　Tuttle *v.* Garrett *et al.*　　　　[Sept. T

Opinion of the Court.

# Eugene Tuttle

## *v.*

## Auren Garrett *et al.*

1. RES ADJUDICATA — *in Supreme Court.* When on error to this court certain facts are found from the evidence, and the cause reversed, and remanded merely to supply proof of a particular fact, the facts found by this court must be regarded as settled and not open to be questioned on a second writ of error.

2. GUARDIAN AD LITEM — *for minor defendants.* Where a person is sued with certain minor defendants in chancery, as their guardian, and he appears, answers and defends in that capacity, and procures a reversal of the decree against the minors, a second decree against the minors will not be reversed because the record shows no appointment of a guardian *ad litem,* or proof that such person was in fact guardian.

3. COSTS — *as against infants.* On bill for a reconveyance of land against the minor heirs of a grantee to whom the land was conveyed as security or indemnity, it is error to decree costs against the infant defendants.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. ONSLOW PETERS, Judge, presiding.

Messrs. WEAD & JACK, for the plaintiff in error.

Mr. H. B. HOPKINS, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This case has heretofore been before this court, and is reported in 16 Ill., p. 354.

The bill was filed for a reconveyance of real estate alleged to have been conveyed to John Tuttle, the father of appellant, for the purpose of securing him against his liability as surety for Garrett, and particularly upon an appeal bond in a certain case, of *Stevenson & Wardwell* v. *Garrett,* appealed by Garrett from the circuit court to the Supreme Court, in which case the Supreme Court rendered a decree against Garrett for over $1,200, and also the costs in the circuit court. The bill averred

that the demands for which Tuttle was liable as surety had been paid.

The decree in the case when here before was reversed and the suit remanded for the want of proof that the decree against Garrett in the appeal case, rendered by the Supreme Court, had been paid.

After the cause was remanded to the circuit court, further testimony was there taken for the purpose of supplying the proof indicated by the former opinion of this court as wanting; and at the November term, 1855, of the court below, the cause was again heard and a decree for a reconveyance was again rendered in favor of the complainant. Upon this last decree Eugene Tuttle, the youngest of the heirs, sues out a writ of error.

It is claimed that the subsequent evidence which has been taken to show that the Stevenson & Wardwell decree against Garrett was paid by the latter, is not sufficient to prove that fact. Upon an examination of the evidence we find that it very satisfactorily establishes the fact of the payment in full of that decree rendered in the Supreme Court, and of all the costs in that suit in the circuit court. The proof, then, being supplied which was found wanting in the record before, it would seem to follow that the present decree should be affirmed.

But the further objection is made that the proof in the record is insufficient to establish that the absolute deed, on its face, from Garrett to John Tuttle, was but a mortgage. That fact in the former decision of this court was taken as established, and it was there found that all the liabilities of Tuttle, to secure against the payment of which the deed was given, had been paid by Garrett except the decree in favor of Stevenson & Wardwell, and for want of proof of the payment of that decree the decision of the court below was reversed, no other error in the record being intimated.

We must regard the fact of the deed being a mortgage as settled by the former decision of this court, and that that question is not now open to consideration.

It is also further objected, that no guardian *ad litem* was appointed for the minor defendants, that there is no proof that James Taylor was in fact their guardian, and no proof of the death of John Tuttle.

In addition to the same answer as above, to be made to these objections, it appears that James Taylor was sued with the minors, as their guardian, appeared and answered for them in that capacity, denying knowledge of the allegations of the bill, and calling for strict proof, and when the decree in the cause was against the minors, he prosecuted the former writ of error to this court, and procured its reversal. This was all that a guardian *ad litem* could have done. The statute provides that guardians, by virtue of their office as such, shall be allowed in all cases to prosecute and defend for their wards. Under such circumstances, we would hardly feel called upon to reverse a decree, because no formal order appears appointing a guardian *ad litem*, and no letters of guardianship are shown to have been given in evidence.

It was erroneous to decree costs against the infant defendants. *Fleming* v. *McHale et al.* 47 Ill. 282.

The decree will be affirmed, except as to costs, and reversed as respects them at defendants' costs herein.

*Decree modified.*