## SEBASTIAN FIETSAM
### v.
## LEONARD KROPP, Adm'r.

1. VENDOR'S LIEN—DECREE ONLY FOR PURCHASE PRICE.—A decree for a vendor's lien which includes in the amount due, not only the original purchase price, but a subsequent note given for unpaid interest thereon, is erroneous. So, also, it is error to decree a lien upon the whole of several tracts, when only one of such tracts was sold by the complainant.

2. GUARDIAN AD LITEM.—Where, after answer filed and before hearing, a defendant has been adjudged insane, it is error to proceed to hearing without the appointment of a guardian *ad litem* for such defendant.

ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.. Opinion filed April 2, 1880.

Mr. WILLIAM C. KUEFFNER, for plaintiff in error; that the vendor's lien was lost by long delay in attempting to enforce it, cited Connover v. Warren, 1 Gilm. 498; Trustees, etc. v. Wright, 11 Ill. 606.

A guardian *ad litem* should have been appointed to protect the interests of the insane party: Rev. Stat. 1874, 199.

Messrs. WILDERMAN & HAMILL, for defendant in error; that the defendant having answered before becoming insane, a guardian *ad litem* was not necessary, cited Tuttle v. Garrett, 74 Ill. 444.

The remittitur cures the objection of the decree being for too large an amount: Trustees v. Hihler, 85 Ill. 409.

A certificate of evidence is not necessary to incorporate depositions into the record: Bressler v. McCune, 56 Ill. 475; Moss v. McCall, 75 Ill. 190.

Laches of the vendor cannot be taken advantage of unless the answer calls attention to it: Trustees v. Wright, 11 Ill. 606; Zeigler v. Hughes, 55 Ill. 288; Walker v. Dennison, 86 Ill. 142.

This court can modify the decree, and render a proper judgment: Garrett v. Stevenson, 3 Gilm. 261; Baptist Church v. Andrews, 87 Ill. 172; Taylor v. Coffing, 23 Ill. 273; Hunter v. Hatch, 45 Ill. 178; Williams v. Bank of Illinois, 1 Gilm. 667; Smith v. Knœbel, 82 Ill. 392.

CASEY, J.   This was a bill in equity filed by defendant in error against George Mittelstetter, et al. to enforce a vendor's lien. The bill shows that on the 11th day of May A. D 1867, Peter, George, Phillip and Maria Mittelstetter were the owners in equal parts of the lands therein described, situated in St. Clair county, Illinois; that on the same day Peter, Phillip and Maria, each conveyed their undivided interest in said lands to the said George; that the said George gave to Peter, in payment of his interest, his promissory note for $600, payable twelve months after date, with interest from the first of August, then next following, at the rate of eight per cent per annum; that no other security was taken; that the said George on the 1st day of August, 1871, paid to Peter $83, on said purchase money, and made and delivered to him his promissory note for $100, the same being for interest that had accumulated on the first described note; that on the 17th day of February, 1872, the said George and his wife executed and delivered to one Kath-

arine Mittelstetter, a deed of mortgage on said premises to secure a promissory note given to her by said George, for the sum of $1230.46, due five years from date, with six per cent. interest; that the said Katharine had notice of the rights of the said Peter; that the said Peter died intestate on the 12th day of July, A. D. 1873; that on the 21st of the same month complainant was appointed administrator, etc. George and Katharine Mittelstetter are made defendants. The bill asks that a vendor's lien may be enforced and declared superior to the mortgage lien. The answer of George Mittelstetter admits most of the charges in the bill; that Katharine knew the purchase money was not paid; that Peter knew of the mortgage, before and after it was made; that Peter waived his lien if he had any; that the said Phillip has not been paid for his interest; the answer of Katharine shows that Phillip, Peter, George and Maria, and her children, were equal owners of the land, subject to her dower interest; that the note to secure which the mortgage was given, was for the purchase money, and is the older lien; that she never waived her dower or homestead right.

These answers were filed the 9th day of January, A. D. 1875. On the 2nd day of June, 1877, an amendment to the bill was filed, showing that on the 18th day of August, 1876, the said Katharine Mittelstetter was adjudged insane by the County Court of St. Clair county; that Sebastian Feitsam was appointed her conservator; that the mortgage referred to in the original bill became due on the 20th of April, 1877. Replications were filed to the answers, denying all allegations in the answers that contradicted any of the averments in the bill. No answers were filed to the amended bill. The cause seems to have been heard and a decree rendered at the September term of the St. Clair Circuit Court, A. D. 1879, and a decree entered as follows: It finds that the parties to the suit have all been duly summoned; that on August, 18th, 1876, and since the commencement of this suit, Katharine Mittelstetter was adjudged insane by the County Court of said St. Clair county, and that the defendant, Sebastian Feitsam, was by said court appointed her conservator; that he qualified as such,

and he having failed to answer, it is ordered that the answer of said Katharine stand also as his answer; and the cause being heard upon bill, answers, replication and evidence, the court finds that on the 11th day of May, 1867, Peter Mittelstetter, Phillip Mittelstetter, Maria Mittelstetter, inter-married with Julius Warz, and George Mittelstetter, were seized in fee of the real estate described in the bill; that on that day the said Peter, Phillip, Maria and Julius sold and conveyed by deed to said George all their interest in said real estate in consideration of nineteen hundred dollars; that on May 13th, 1867, the defendant George was indebted to said Peter in the sum of sixteen hundred dollars purchase money for said premises, and executed his note for that sum to said Peter, and that said Peter received no other security; that afterwards said George executed another note to said Peter on account of interest due on said $600 note, and that both of said notes remain unpaid; that on February 17th, 1872, said George, together with his wife, executed and delivered to said Katharine, a mortgage purporting to secure the sum of twelve hundred and thirty 46-100 dollars, evidenced by a promissory note of said date, and that Katharine at said time had full knowledge and notice that the promissory note first above described was for said purchase money, and that it remained due and unpaid, and also of the rights of said Peter to a lien on said premises; that on July 12th, 1873, said Peter died intestate; that on July 21st, 1873, the complainant was appointed his administrator; that said Peter in his life-time was entitled to a vendor's lien on said real estate, and that the complainant as administrator has succeeded thereto; that said Katharine is entitled to dower in said premises, but not to a homestead right.

The court further finds that the sum of eleven hundred and seventy-four 73–100 dollars is due to complainant for unpaid purchase money and interest accrued thereon as evidenced by the two notes first described, and that complainant has a vendor's lien therefore on said premises. It is therefore ordered that the defendant, George Mittelstetter, pay to the complainant, within 30 days from November 25th, 1879, the sum of eleven hundred and seventy-four 73–100, with six per cent.

interest from date, and costs of suit, and that in case of default the master in chancery sell at public auction to the highest bidder for cash, at the front door of the court house, the said west half of the northeast quarter of section twelve, in township one, south, range ten west, in St. Clair county, Illinois, subject to the dower interest of said Katharine, but clear of said mortgage, said mortgage being decreed to be subject to the said lien of complainant, as aforesaid. The master is directed to make sale upon the usual notice and conditions, and in case of failure to redeem within the time required by law, he is directed to convey to the purchaser all the right, title and interest of the parties to the suit in and to said premises. Ordered, further, that out of the proceeds be paid first, the costs of suit, etc., next the amount found due the complainant, and that the remainder be brought into court to await the further order of the court.

The errors assigned are:

1st,   The circuit court erred in decreeing that the complainant below was entitled to any vendor's lien.

2nd,   The circuit court erred in decreeing a vendor's lien on the whole of the real estate described in the bill, instead of decreeing it on the interest bought by George Mittelstetter from Peter Mittelstetter.

3rd,   The circuit court erred in decreeing a vendor's lien for the amount due on the second note given by George Mittelstetter.

4th,   The circuit court erred in proceeding to the trial of the cause without the appointment of a guardian *ad litem* for Katharine Mittelstetter.

5th,   The decree is not warranted by the allegations in the bill, the findings of the court, or the evidence preserved in the record.

The decree is for the aggregate sum of both the notes described in the bill. This was erroneous and counsel seek to avoid the error by entering a *remittitur* in this court as to the sum of $167, supposed to be the amount of money due on the note for $100. The decree is that defendant in error have a lien upon the entire tract of land when the bill shows

Fietsam v. Kropp.

that he had sold but one-fourth part of it.   That error is also confessed, but it is insisted by counsel for defendant in error that this court should "enter such decree as the court below ought to have entered, or direct the court below to enter a decree for a lien against the undivided fourth sold, subject to the dower interest of Katharine Mittelstetter."   It is insisted on the part of plaintiff in error that a guardian *ad litem* should have been appointed for Katharine Mittelstetter, after she had been adjudged insane, and when a knowledge of that fact came to the court.

The amendment to the bill showing her insanity, was filed April 2, 1877; more than two years before the cause was heard. It is true that her conservator was made a party defendant by the amendment, but he did not file any answer, and so far as the record shows took no interest whatever in the result of the suit.   He allowed a default to be taken against himself.   There is nothing in the record to show that after she was declared insane, any person took any interest in her welfare or looked after the preservation of her interests.   The dethronement of her reason had utterly incapacitated her from the transaction of business, and no kindly disposed person appeared for her.   On the trial, the record shows that the defendant in error appeared by counsel.   Her answer filed before she was stricken with the malady, indicated that she was largely interested in the result of the suit, and it is possible that if the decree is allowed to stand she is deprived of her only means of support; is a pauper, dependent upon a charity, not always liberal, for a support.   She may recover her reason; but whether she does or not, she has a clear right to be represented by a competent party at every stage of the proceeding.   Any other view would deprive this unfortunate lady of her right and her property, and "no court in any country governed by law, will hesitate to see that she is allowed all the safeguards that the law throws around those who are unable to defend themselves.   We are referred by counsel for defendant in error to the case of Tuttle v. Garrett et al. 74 Ill. 444, as sustaining their view of the law.   In that case the guardian was served with the summons and appeared for them, and when the decree of the circuit court was against

his wards, he prosecuted the case to the Supreme Court, where the judgment of the circuit court was reversed. That surely " was all that a guardian *ad litem* could do." How is it in the case under consideration?

Feitsam, the conservator, as we have already stated, so far as the record shows, utterly neglected to look after the interests of his ward, who was in a more unfortunate condition than if she had been a minor. The statute provides that " in any case in equity, it shall be lawful for the court in which the cause is pending to appoint a guardian *ad litem* to any infant or insane defendant in such cause, and compel the person so appointed to act." When the amendment to the bill was filed, thereby giving notice to the court in a legitimate manner, that one of the defendants had become insane, and no one appearing to represent and care for her interests, the court was required, before any further steps were taken, to appoint a guardian *ad litem* for the insane person; or if a conservator had been appointed, to compel him to appear and do his duty in the premises. It will be seen that the court has not alone the power to make the appointment, but to compel vigorous action. Guardians *ad litem* are not appointed as a mere matter of form. It becomes their absolute official duty, by every legal and justifiable means to guard and protect the rights and interests of those they represent, who, because of their disabilities are unable to protect themselves. This view is fully sustained in Sconce v. Whitney, 12 Ill. 150; McDaniel v. Carrol, 19 Ill. 228; Rhoads v. Rhoads, 43 Ill. 239; Peak v. Shasted, 21 Ill. 137; Hall v. Davis, 44 Ill. 498.

It therefore seems to be clear that it was erroneous, in case the conservator failed to act, not to appoint a guardian *ad litem*, or require and compel him vigorously to perform the duties of his office. The testimony is not included in the record. The answer of defendant, Katharine Mittelstetter, filed when she was of sound mind, indicates a defense, therefore we do not think it would be proper to comply with the request of counsel for appellee, and enter a final decree in this court or direct the Circuit Court to enter a modified decree.

For the foregoing reasons and errors confessed, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.