## WILLIAM MAXWELL, Sr.

### *v.*

## WILLIAM MAXWELL, Jr. *et al.*

*Filed at Mt. Vernon March 29, 1884.*

1. ADVANCEMENT—*when presumed from the relations of the parties.* The general rule is, that a purchase of land by a parent in the name of a child, or by a husband in the name of his wife, will be presumed to be an advancement, and not a trust.

2. SAME—*presumption may be rebutted.* But any antecedent or contemporaneous acts or facts may be received to rebut or support this presumption; and any acts or facts so soon after the purchase as to be fairly considered a part of the transaction, may be received for the same purpose.

3. SAME—*sufficiency of facts to rebut presumption and raise a resulting trust.* In 1842 a husband purchased a half section of land from the United States, and had the patent issued to his wife. They lived together and occupied the same as their homestead until in 1881, when the wife died testate, having devised other lands, but not this tract. The husband filed his bill against her heirs to enforce an alleged resulting trust arising from these facts, and from the fact that he paid all the purchase money, and expended $1500 in improving the premises, and had all the time been treated as the owner, and had paid all the taxes thereon; but it was held that these facts were not sufficient to overcome the presumption of law that the purchase was an advancement to her, and that he having a life estate in the land as tenant by the curtesy, and having the exclusive use of the same, it was his duty to pay the taxes thereon, and that his improvements and possession, as well as payment of taxes, would be presumed to have been under his life estate. The court attached no significance to the fact that the wife failed to dispose of this tract in her will.

APPEAL from the Circuit Court of Randolph county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. H. CLAY HORNER, for the appellant.

Messrs. GORDON & HOOD, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill for a deed, brought by William Maxwell, Sr., appellant, against William Maxwell, Jr., and others, children and heirs at law of Margaret Maxwell, deceased, who was the wife of the complainant. It is alleged in the bill, that in the year 18— complainant was married to Margaret Phillips, who remained his wife to her death, in the year 1881; that subsequent to the said marriage, in the year 1842, complainant purchased from the government of the United States the north half of section 32, in township 6 south, of range 6 west, in Randolph county, Illinois, and paid for the same out of his own individual moneys; that he had said land entered in the name of, and patented to, his said wife, Margaret Maxwell; that it remained in her name to the date of her death; that said Margaret Maxwell had no money of her own at the time of such purchase, nor had she any at the date of her marriage; that complainant had but little property of his own at the time of the purchase; that said land was always understood to belong to complainant, by his said wife and by complainant, and was always treated by them as his property; that it was wild land when purchased; that complainant cleared and improved said land, and the improvements made on the same amounted to $1500, all made with complainant's money; that his said wife never expended any money on said land, nor otherwise assisted him; that the said premises were occupied by complainant and wife as a homestead from the date of purchase to the death of his wife, and is yet so occupied by the complainant;

that complainant paid all taxes and assessments against said land, and always considered the property his own, and treated it as such; that after her death he was first informed by the children that they would not make him a deed; that the children were not aware that the legal title was in their mother till complainant told them; that said wife died testate in 1881, leaving complainant, (her husband,) and John Maxwell, William Maxwell, Jr., Mathew Maxwell, and Margaret Harmon, her children and heirs; that in her will she disposed of specific real estate in Kansas, and all her personalty, but nowhere mentioned the above described land, and died intestate as to same; that she died intestate as to the land. because she considered it the complainant's property; that he has applied to defendants for deeds, and they all refused to make them.   Prayer of bill for deed from heirs to complainant, etc.

The answer admits the material allegations of the bill, but sets up as a defence to the relief claimed in the bill, that at the time the land was purchased, as alleged in the bill, the complainant "was the owner of eighty acres of other land purchased from the United States government, in Randolph county, Illinois, and could not lawfully buy more," and that so owning and holding a patent for eighty acres of other land, the complainant believed he could not lawfully buy more, and for the purpose of evading the law as he believed it to be, he had the land entered in his wife's name, intending to defraud the government, etc.   To this part of the answer complainant filed exceptions, which the court overruled, and complainant electing to abide by his exceptions, the court dismissed the bill, and the complainant appealed.

Whether the complainant, in 1842, at the time the land in question was entered, was precluded from entering more land than he then owned, by the acts of Congress, is a question which we do not find it necessary here to determine, as the decision of the case may be placed upon other grounds.

As before observed, the allegations of the bill were admitted to be true by the answer, and it is contended that the facts alleged and admitted as to the entry and management of the land created a resulting trust, which a court of equity may enforce by a decree requiring the defendants to convey the land to the complainant. It does not always follow that where lands are purchased in the name of one person with the funds of another, a resulting trust is created. Had the land been entered in the name of a person in no way related to the complainant, with the complainant's money, the case would be relieved of much difficulty; but such is not the case. While the money was furnished by the complainant, the title was taken in the name of his wife. The general rule is, that a purchase of land by a parent in the name of a child, or of a husband in the name of the wife, is presumed to be an advancement, and not a trust. Perry on Trusts, sec. 147, says: "Whether a purchase in the name of a wife or child is an advancement or not, is a question of pure intention, though presumed, in the first instance, to be a provision and settlement; therefore any antecedent or contemporaneous acts or facts may be received, either to rebut or support the presumption; and any acts or facts so immediately after the purchase as to be fairly considered a part of the transaction may be received for the same purpose." In *Taylor* v. *Taylor*, 4 Gilm. 303, where a parent purchased lands in the names of his two sons, and the question arose whether the purchase was an advancement, or whether they held in trust, it was held that "the presumption of law is, where a father purchases land in the name of his children, unaccompanied by any extraordinary circumstances, that it was intended as an advancement; but the presumption may be rebutted by circumstances." In *Cartwright* v. *Wise*, 14 Ill. 417, where a parent with his own money entered a tract of land in the name of his son, who was an idiot, this court took stronger grounds in sustaining the conveyance as an

advancement than was done in the case last cited. In deciding the case it was said: "The question arises whether a father who purchases land with his own money, and takes the title to his idiot son, can file a bill for a resulting trust, and claim that he did not intend it for the benefit of his son, but for his own use. We are prepared to say that such a bill can not be sustained. It must be held to be an advancement in favor of the child. The policy of the law requires that such an advancement thus made to such a party should be held to be irrevocable by the father."

While all that was said in the case last cited was proper under the facts of that case, as it seemed absurd to suppose a person creating a trust would select an idiot for a trustee, yet the language there used might not fully apply to a case of this character. Here the wife might be regarded as a proper person for a trustee, and the question to be determined is, whether the facts set up in the bill are sufficient to overcome the presumption of law that the conveyance was intended as an advancement. The facts relied upon by complainant to overcome the presumption are, that he entered into the possession of the land, improved it, paid the taxes, and occupied it with his wife as a homestead, as his own property. There is nothing, however, in these facts inconsistent with the theory that the land was conveyed to the wife as an advancement to her. If she took the title by virtue of the patent, as she had children by complainant, he became tenant by the curtesy, and as such he had the right to the possession of the land, the rents and profits, during his natural life, and while occupying under this right, the law cast upon him the burden of paying the taxes. The possession and improvements of the complainant, as well as the payment of taxes, may with the same propriety be presumed to have been under his life estate in the lands as under a claim of title in fee. The fact that the wife did not dispose of the land by will, as she did other property, is of but little significance.

It often occurs that a person who executes a will leaves some property undisposed of, and yet we are not aware that an omission of that character has ever been regarded as evidence sufficient to defeat an absolute title standing of record in the name of a testator. We do not, therefore, regard the allegations of the bill as sufficient to overcome the presumption of law that the purchase by complainant in the name of his wife was intended as an advancement to her.

No case having been made by the bill, the decree dismissing it was correct, and it will be affirmed.

*Decree affirmed.*

Mr. Justice Scott, dissenting.