32  519
87  402

## LUCINDA HULING, EXECUTRIX, ETC.,

### V.

### LIZZIE HULING.

*Husband and Wife—Alienation of Affection—Husband—Advice as to Conduct of Married Person by Parent—Evidence—Instructions—Damages.*

1.   There can be no waiver of the rights of an insane defendant touching the introduction of the evidence of an incompetent witness.

2. Such introduction is not cured by the fact that the testimony of the insane defendant was admitted without objection.

3. It is improper in an action by a wife against the parents of her husband for the recovery of damages alleged to have arisen through the alienation of his affection for her by reason of acts and advice on their part, to allow her to testify to conversations between herself and husband touching their living together and the attitude of his parents toward them.

4. A parent may in good faith and from worthy motives, in a moderate, temperate and careful manner, advise his son as to his domestic affairs without incurring liability if the same influences a separation between son and wife.

5. An instruction in behalf of the plaintiff in such case ignoring the relation of father and son and the question of good faith, is bad.

[Opinion filed November 23, 1889.]

Appeal from the Circuit Court of McLean County; the Hon. Owen T. Reeves, Judge, presiding.

Mr. John T. Lillard, for appellant.

Mr. Frank R. Henderson, for appellee.

Wall, J. This was an action on the case by the appellee against Nathaniel Huling and Lucinda Huling, his wife. The declaration alleged that the defendants, conspiring together, did alienate the affection of John Huling, husband of the plaintiff, and thereby induced him to abandon and desert her. After the suit was begun, Nathaniel Huling was adjudged insane, and upon the trial Lucinda Huling, who had been appointed his conservator, represented and defended for him. When the plaintiff's testimony was closed the suit was dismissed as to Lucinda Huling. The jury found the issue for the plaintiff, and assessed her damages at $1,250, upon which, after denying a motion for new trial, the court rendered judgment. Since the trial the defendant, Nathaniel Huling, died, and this appeal is prosecuted by Lucinda Huling, as his executrix.

Various errors are assigned, but we shall notice such only as seem to be most important. It appears from the evidence that the plaintiff, who had been for some time employed as a

domestic in the family of the defendants, became unduly inti-mate with the said John, who was also a member of the family; that she and John were secretly married under cir-cumstances showing that he was quite reluctant to take the step, and that he immediately left her and never sustained conjugal relations with her. A child was born to her about seven months after the marriage, and, more than two years after the marriage, this suit was brought. At the time of the marriage the plaintiff was about nineteen years of age, and John was over twenty-one years of age. At the trial the plaintiff was a witness in her own behalf, and was permitted to testify as to the declaration of the defendant, Nathaniel Huling. The plaintiff was competent as against the defend-ant, Lucinda Huling, but, as is conceded, she was not compe-tent against the insane defendant, Nathaniel.

The court so stated in the presence of the jury, but counsel waived the objection as to the conversation the witness was then proceeding to detail. It was the duty of counsel and of the court to protect the insane defendant from the evidence of an incompetent witness. The conservator could not waive the rights of her ward in this respect. Cartwright v. Wise, 14 Ill. 417; Rhoads v. Rhoads, 43 Ill. 239; Stark v. Brown, 101 Ill. 395; Fietsam v. Kropp, 6 Ill. App. 144. Many other cases illustrating the principle involved might be recited but it is unnecessary.

The effect of this testimony was hurtful, nor was it coun-teracted by the evidence of the insane defendant who was permitted to testify, apparently without objection. He was incompetent because *non compos mentis* (1 Greenleaf on Ev. Sec. 365), and whatever he might say would have little or no weight with the jury as against the testimony of adverse wit-nesses who were sane. It is also objected that the plaintiff was permitted to detail the conversations she had with her husband, as to their purpose of living together and as to the opposition of his parents to the marriage. This was manifestly not competent because it was purely hearsay and was highly calculated to prejudice the rights of the defend-ants. White v. Russ, 47 Mich. 172; Preston v. Bowers, 13

O. St. 1.   Other objections to the testimony of the plaintiff
need not be discussed as upon another trial they can be
obviated by excluding the witness altogether.   The instruc-
tions given for the defendant advised the jury that a parent
has a right in a moderate, intelligent and careful manner, to
advise a son as to his domestic affairs, and even as to living
with his wife, and that if such counsel and advice be given in
good faith and from worthy motives, the wife has no cause of
complaint, even though such advice may contribute in some
degree to the result of causing a separation.   The distinction
between the case of a stranger and that of a parent has been
frequently recognized and it is no doubt well settled that a
parent may, when acting in good faith, give his advice on this
important subject without incurring liability.   Hutchison v.
Peck, 5 Johns. 195; Smith v. Lyke, 13 Hun, 204; Payne v.
Williams, 4 Baxter, 583. . Schouler's Domestic Relations, Sec.
41; 2 Hilliard on Torts, 510.

It is suggested by counsel for appellee that in all the cases
where this distinction is stated, the action was by the husband
for alienating the affection of the wife.   Probably this is due
to the fact that the action for such an injury was rarely, if
ever, brought by the wife.

Whatever may have been the right of the wife in this
regard at common law there is no doubt that under the legis-
lation of this State she may maintain the action—Bassett v.
Bassett, 20 Ill. App. 543; and there seems to be no sound
reason why the parent might not in good faith, and from
proper motives, render his advice to a son as well as to a
daughter.   True, such advice might be more appropriate and
needful and more potent in the case of the daughter than in
the case of a son, but this would be a difference in degree only
and not in principle.   We must hold, therefore, that the
instruction referred to was properly given on behalf of the
defendant.

Turning now to the instructions given for plaintiff it will
be found that they ignore the relation of the defendant to the
husband, and that they authorized the jury to find the defend-
ant guilty although he may have acted in the utmost good

Huling v. Huling.

faith and moderation.     Notably is this so in the fourth, where it was said that "if the defendant did in any way or manner, or by any means, influence" the husband to abandon the wife he would be liable, and that it was "immaterial in this case whether there may have been other facts or circumstances contributing to cause such wrongful desertion."

The instructions as a whole were inconsistent and contradictory, and in a case like this where, on the proof, there is, to say the least, no little doubt as to the right of recovery, it is important that the law should be given with such accuracy as to make it clear that it was properly understood by the jury.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*