ANNA G. JOHNSTON

*v.*

MICHAEL H. JOHNSTON.

*Filed at Ottawa June 15, 1891.*

1. STATUTE OF FRAUDS—*express trust.* Where a husband buys land and has the title conveyed to his wife, under an express trust that the title shall be held for his benefit and subject to his disposal, the trust will be utterly void, unless it is declared in writing.

2. SAME—*resulting trust.* A resulting trust is not within the Statute of Frauds, and may be proved by parol.

3. WITNESS—*against defending heir—competency of complainant.* On bill by a father against his daughter, to have a conveyance procured by him to be made to his wife, who in the meantime had died, declared to have been made in trust for him, the defendant being the heir of the deceased wife, the complainant is an incompetent witness to prove the trust.

25—138 ILL.

4. TRUST—*burden of proof—presumption of advancement.* The general rule is, that a purchase of land by a parent in the name of his child,. or by a husband in the name of his wife, will be presumed to be an advancement, and not a trust, and the burden is on the party claiming a trust to prove it. This may be done by such proof of facts and circumstances as clearly show that the intention was not to make an advancement, but to accomplish some other lawful purpose.

5. INFANT—*failure of guardian to object to incompetent evidence.* In suits against infants, the failure of the guardian or guardian *ad litem* to object to incompetent evidence will not authorize such evidence to be admitted or considered, and its admission may be assigned for error.

6. EVIDENCE—*witness' understanding.* The statement of a witness that he always understood from a person, who afterward died, who was his sister, that certain property held in her name was that of her husband, is a statement of no fact, and proves nothing.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. J. H. CONNELL, for the plaintiff in error.

Messrs. PEPPER & SCOTT, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, in the circuit court of Mercer county, by Michael H. Johnston, against his infant daughter, Anna G. Johnston, in which it was alleged that the complainant, on the 29th of August, 1882, and on the 28th of August, 1884, purchased the property in question, being certain parts of lots in the village of North Henderson, Mercer county, Illinois, and paid for the same, and procured the deeds therefor to be made to his then wife, Anna G. Johnston, thereby having conveyed to her the title to said lots; that it was intended by the complainant that said Anna G. Johnston should hold the title to said lots in trust, only, for complainant's benefit, and it was understood by her that she was to hold said lots in trust for complainant, and convey the same to him whenever he should request her so to do; that he took possession of both tracts or lots, built valuable buildings on both of them, made other improvements, and continued to occupy them ever

since; that said Anna G. Johnston died on the 5th of November, 1889, intestate, leaving complainant, her husband, and Anna G. Johnston, plaintiff in error, her only child and sole heir-at-law; that she died without conveying said lots to complainant, although she intended and had promised so to do. The bill then states the plaintiff in error is a minor, asks for a guardian *ad litem,* and prays that a deed may be executed to him for the premises. Summons was duly issued and served. The court appointed a guardian *ad litem,* who filed a *pro forma* answer, requiring full proof to be made of the allegations of the bill.

The court referred the cause to the master in chancery to take and report the testimony, and the master reported the testimony taken by him, as follows:

Michael H. Johnston testified: "I am the complainant in this suit. Anna G. Johnston, the defendant, is my daughter. My wife died November 5, 1889. The defendant was born the 26th day of October, 1889. I purchased one lot on the 29th of August, 1882, and the other on the 28th of August, 1884. I had the deeds made to my wife, to be held by her in her name, in trust, for my benefit. I paid $125 for one lot, and paid $1750 for improvements on it. I paid $105 for the other, and built a store building thereon at a cost of $1000, and procured the deed to be made to my wife, in trust, for my benefit. My wife paid no part of the cost for the lots or the improvements. I procured the title to all the above lots to be made to her as a temporary expedient, only, and it was understood between us that when I desired she would convey to me. I never requested such conveyance, and the title still stands in her name." On cross-examination he said: "My wife paid no part of the money for any of these lots or the improvements thereon. All the property was possessed and used by me from the time it was purchased."

W. C. Galloway testified: "Complainant's wife was my sister. The defendant is my niece. I know that Johnston pur-

chased the property and erected the buildings thereon, one of which he occupied as a store and the other as a residence. I always understood from my sister that it was his property, and never knew that the title was in her name until after her death. I know that such means as she had were invested in other property or loaned out."

James Galloway testified : "Anna G. Johnston, wife of complainant, was my daughter, and the defendant is my granddaughter. I know M. H. Johnston purchased the property described in the bill. I know he purchased it, and put the buildings on it. He occupied one piece as a store room and the other as a residence. What money my daughter had was loaned out and invested in other property, and none of it went into this property. I did not know that this property was in her name until this day. I know all her money was put in other property. I know he owned this, and thought the title was in his name."

Copies of the several deeds mentioned in the bill were also introduced in evidence, and this was all the evidence heard in the case. The court thereupon decreed the relief prayed in the bill.

If the facts were as testified to by the complainant below, the property was conveyed to his wife under an express trust, and the trust not having been declared in writing, as required by section 9 of the Statute of Frauds, (1 Starr & Curtis, 1200,) is utterly void and of no effect, and, consequently, incapable of being enforced in equity. *(Stephenson* v. *Thompson,* 13 Ill. 190.) But the complainant was clearly an incompetent witness. The opposite party defended as heir of her deceased mother, and he testified in his own interest and at his own instance. (Rev. Stat. 1874, chap. 51, sec. 2.) Nor is the objection to his competency waived by the failure of the guardian *ad litem* to object to his testimony. As we said in *Lloyd* v. *Kirkwood,* 112 Ill. 338: "Whenever the property rights of an infant are drawn into litigation, and the infant himself,

whether as plaintiff or defendant, has been brought into court, he at once becomes the ward of the court, and as such it is the duty of the court to see that his rights, as such, are properly protected." And upon that principle we have held, that when incompetent and illegal evidence is introduced, without objection by the guardian or guardian *ad litem,* the court is bound to notice and exclude such evidence. *Cartwright* v. *Wise et al.* 14 Ill. 417; *Barnard et al.* v. *Barnard,* 119 id. 92; *Waugh et al.* v. *Robbins,* 33 id. 181.

Excluding the testimony of the complainant, then, as we must, the evidence is insufficient to prove any trust of any kind. All that is proved is, that the purchase of the property was made by the complainant with his own means. Neither of the witnesses had any knowledge of the circumstances under which the deeds were made to the wife. Indeed, they did not know that they were so made until after her death. The statement of W. C. Galloway, that he always understood from his sister that the property was that of the complainant, is a statement of no fact, and proves nothing.

A resulting trust is not within the Statute of Frauds, and may be proved by parol; but the general rule is, that a purchase of land by a parent in the name of a child, or by a husband in the name of his wife, will be presumed to be an advancement, and not a trust, and the burden is on the party claiming a trust to prove it. This he may undoubtedly do by such proof of acts and circumstances as clearly show that the intention was not to make an advancement, but to accomplish some other lawful purpose. *Maxwell* v. *Maxwell et al.* 109 Ill. 588; Perry on Trusts, secs. 144, 147. There being no competent evidence of facts and circumstances showing that when these deeds were made the intention was not to make an advancement, the presumption to that effect is not overcome.

The decree is reversed, and the cause is remanded to the circuit court, with direction to that court to dimiss the bill.

*Decree reversed.*