Josephine Broughton, Administratrix, Plaintiff in Error, v. Charles H. Weller et al., Defendants in Error.

### Gen. No. 16,889.

1. APPEALS AND ERRORS—*when objections and exceptions not essential.* Where a guardian sues in equity on behalf of an insane ward, the fact that no objections to the master's report or exceptions to a decree were made by the complainant, may not prevent him, as guardian, from asserting error in the decree.

2. DEEDS—*when grantee is relieved of charge upon real estate.* Where a charge upon real estate, for the support of a daughter confined in an insane asylum, is created by a deed from a father to another daughter, payments by the father to the asylum for the support of his daughter will relieve the grantee from liability.

3. DEEDS—*when interest not allowed in enforcing charge upon real estate.* Where a charge upon real estate for the support of a person is created by deed, in obtaining a decree enforcing the payment of long overdue instalments for which no demand was made, it may be proper not to allow interest.

4. DEEDS—*disposition of proceeds in enforcing charge upon real estate.* A charge upon real estate, for the support of a person as long as she might live, was created by deed and the grantee mortgaged the property. Instalments were long overdue and in enforcing the charge it appeared that it was for the best interests of the parties that the property be sold. *Held,* it was not proper to direct a sale subject to a continuing charge, but that a surplus from the proceeds of the sale should be burdened with the charge.

Error to the Superior Court of Cook county; the HON. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded with directions. Opinion filed November 7, 1912.

BENTLEY, BURLING & SWAN, for plaintiff in error.

MICHAEL F. CURE, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On October 13, 1908, a bill was filed in the Superior Court of Cook County by Frank A. Hobein, as guardian of the person and estate of Loretto Lonergan, an insane person, against Charles H. Weller and others,

by which it was sought to enforce a charge created by deed upon certain real estate in the city of Chicago. A decree was entered in favor of complainant, May 6, 1909, finding that "the sum of $3,360.72 was due complainant on April 24, 1909, together with the further sum of $26 per month to accrue from April 24, 1909, to the day of sale hereinafter provided for, or to the date of the death of the defendant, Loretto Lonergan, in case of her death prior to said sale," and declaring the same to be a first lien on said real estate; also finding that $3,249.08 was due the defendant, Charles H. Weller (a mortgagee) and declaring the same to be a second lien on said real estate. The decree ordered, in default of payment by the defendants of the amount so found to be due complainant, that the real estate be sold by a master in chancery, and directed the master to distribute the proceeds of the sale, after satisfying the costs, first by paying to complainant's solicitor the amount so found to be due complainant, together with interest thereon, and second by applying the surplus of such poceeds toward the payment of said amount so found to be due the defendant Weller. From the master's report of sale and distribution, confirmed by the court on July 16, 1909, it appears that the property was sold to H. O. Stone on June 1, 1909, for the sum of $5,000, that complainant received the full amount due him up to said June 1, 1909, and that the proceeds were distributed as follows:—

"Paid complainant's solicitor taxed costs $    31.00
Paid complainant in full and debt and interest .............................. 3,398.38
Paid defendant Weller part of debt, interest and costs ..................... 1,438.12
Master's fees, disbursements and commissions ............................. 132.50

Total disbursements ............$5,000.00
Deficiency as to Weller, the mortgagee ..2,825.24"

The complainant Frank A. Hobein, as such guardian, sued out this writ of error to reverse the decree. Since the filing of the transcript of the record in this court, Loretto Lonergan, of the insane ward, departed this life, August 18, 1911, at St. Vincent's Institution in St. Louis, Missouri; subsequently, Josephine Broughton was appointed administratrix of her estate by the probate court of St. Louis County, Missouri, and on February 15, 1912, her death was suggested of record in this court and Josephine Broughton was substituted as plaintiff in error, she being represented by the same firm of attorneys as had formerly represented Frank A. Hobein in this court.

The facts of the case are, substantially, that at the time of the entry of said decree Loretto Lonergan was, and for more than thirty years prior thereto had been, confined as an insane person in St. Vincent's Institution, a charitable institution for the care of the insane; that said Frank A. Hobein was appointed as guardian of her person and estate in 1887; that on May 23, 1890, John Lonergan, father of Loretto, conveyed by warranty deed said real estate to Esther G. Lonergan sister of Loretto, subject to a change thereon as set forth in said deed as follows:

"Subject to a charge of $312 per year, payable quarterly, for the support of Loretto Lonergan, so long as she may live; this sum to be a continuing charge upon this property so long as Loretto may live." That on February 23, 1900, Esther G. Lonergan, to secure the payment of her promissory note for $3,000, conveyed by trust deed the same property (together with other property immediately adjoining it) to the Title Guarantee and Trust Company, as trustee, subject to said charge; that at the time of the entry of said decree the defendant, Charles H. Weller, was the legal holder of said note; that for the first two and one-half years after the creation of said charge of $312 per year upon said property, viz.: from May 23, 1890, to November 24, 1892, Esther G. Lonergan, the grantee in

said deed from John Lonergan, did not pay anything for the support of Loretto, but that said John Lonergan, the father, paid to said St. Vincent's Institution for said support for that period the total sum of $798.20; that from November 24, 1892, down to October 18, 1900, said Esther G. Lonergan made payments in irregular amounts and at irregular intervals direct to said Institution for said support aggregating the total sum of $1,761.28; that Esther G. Lonergan died in February, 1901, and that no other payments for said support were made by anybody. It does not appear from the testimony taken before the master, except by hearsay, that said Institution or anybody else ever made formal demand of Esther G. Lonergan to pay to it the overdue instalments for Loretto's support, or that anybody took any legal steps to enforce the payment thereof until this bill was filed. The master in his report found that the said charge upon the property for said support had been paid by John Lonergan up to November 24, 1892, and that there was due on April 24, 1909, to said complainant, as guardian, on account of said charge of $312 per annum from November 24, 1892 (a period of sixteen years and five months) a net balance of $3,360.72, which complainant was entitled to receive together with the further sum of twenty-six dollars per month from April 24, 1909, until a sale was made to satisfy said claim or until the death of Loretto, in case of her death prior to said sale. The master in reaching this balance credited the said sum of $1,761.28, so paid by Esther G. Lonergan, as payment on account of said charge, but made no charge for interest on the overdue installments. In accordance with the findings and recommendation of the master the decree in question was entered.

It is stated by counsel for plaintiff in error, in their written brief and argument filed in this court, that in the court below the complainant, Frank A. Hobein, guardian, etc., left the conduct of the suit entirely to his then retained solicitor, "who failed to present to the court any of the contentions now advanced and

who made no objection to the amount found due to the complainant by the decree;" that "it was not until after the property had been sold and the proceeds distributed in pursuance of said decree that complainant realized * * * that the decree was erroneous in finding too small an amount due him," and that thereupon he employed additional solicitors. The transcript of the record shows that on July 27, 1909, said additional solicitors moved "that the court vacate the order heretofore entered on July 16, 1909, confirming the master's report of sale," which motion was, on November 20, 1909, denied. The transcript does not disclose that any objections to the master's report or any exceptions to the decree of May 6, 1909, fixing the rights of the parties, were made by the complainant.

In urging a reversal of the decree of May 6, 1909, counsel for plaintiff in error say that they are not attacking the title acquired by the purchaser, H. O. Stone, under said sale, inasmuch as he was a *bona fide* purchaser. "Innocent third parties have a right to rely upon a judgment or decree of a court having jurisdiction to pronounce it. * * * Innocent purchasers acting in good faith will be protected, notwithstanding the subsequent reversal of the decree or judgment." Ure v. Ure, 223 Ill. 454, 464. Nor is any attack made on the decree of the court finding that on April 24, 1909, there was due complainant the sum of $3,360.72, save that the amount was not as large as it should have been. Counsel seek a reversal of the decree, solely in order that plaintiff in error may recover the $1,438.12 paid by the master to the defendant Weller. They contend that under a proper decree complainant would have been entitled to the entire proceeds of said sale, after deducting the costs of the proceeding. They cite in this connection the case of Ure v. Ure, *supra,* where it is said, page 463: "A party to a suit is presumed to know of all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous

decree that will not be abrogated by a subsequent reversal thereof.   If such party has received benefits from the erroneous decree or judgment, he must, after reversal, make restitution, * * * ."

Counsel also contend that the fact that no objections to the master's report or exceptions to said decree were made by the complainant does not prevent him, as guardian, from urging a reversal of the decree in this court on writ of error, and for the reason, as stated by counsel, that while it is doubtless true that if Frank A. Hobein were suing in his own right he would be estopped from asserting error in a decree rendered in his favor without objection, in this case he is not suing in his own behalf but on behalf of his insane ward, and the guardian of an infant or an insane person cannot deprive his ward of legal rights by failing to assert them or even by expressly waiving them. In this connection counsel cite the following cases: Fietsam v. Kropp, 6 Ill. App. 144; Huling v. Huling, 32 Ill. App. 519; Stark v. Brown, 101 Ill. 395; Gooch v. Green, 102 Ill. 507, and Stevens v. Van Buren, 1 Paige Ch. (N. Y.) 479.   We are of the opinion that under this record the main questions raised by counsel, which will now be considered, are properly before this court.

It is first contended by counsel that the finding of the master, viz.: "that said John Lonergan paid up said charge to November 24, 1892," is erroneous, and that the court erred in entering the decree based upon that finding.   As before stated, the testimony shows that, for the first two and one-half years after the creation of said charge of $312 per year on said property by the deed of May 23, 1890, down to November 24, 1892, the grantee in said deed, Esther G. Lonergan, did not pay anything for the support of said ward, but that John Lonergan, the father, paid direct to St. Vincent's Institution, where said ward was confined, the total sum of $798.20 during said period. Counsel

state that said annual charge for said two and one-half years amounts to the sum of $780, that the amount found by the court to be due complainant on April 24, 1909, should have been increased by this sum and that the amount received by the defendant Weller from the proceeds of said sale would have been correspondingly decreased. In support of their contention they argue that the said charge was payable to Loretto; that, hence, it was payable to her guardian; that the mere payment to St. Vincent's Institution by the father during said period of said sum of $798.20 raises no presumption that the father intended thereby to satisfy said charge for that period; that, while it is doubtless true that if the father in making said payment had intended the same to operate as a payment of said charge such payment would have relieved Esther G. Lonergan from her obligation because of said charge, the record in this case does not tend to show any such intention. We cannot agree with counsel. The clause in the deed reads "Subject to a charge of $312 per year, payable quarterly, for the support of Loretto Lonergan, so long as she may live." In other words, the conveyance is made subject to a charge for her *support* so long as she may live to the amount of $312 per year, payable quarterly. It is not stated to whom this money is to be paid. The testimony of the complainant, Frank A. Hobein, guardian, shows that for many years prior to the date of said deed Loretto was confined in said Institution and her *support* was paid by her father, that she remained in said Institution, and that subsequently to the date of said deed and up to November 24, 1892, her support "was fully paid" by her father. We do not think that, under the facts of this case, the court erred in finding that the charge for Loretto's support had been paid up to November 24, 1892.

It is further contended by counsel that, in computing the amount due complainant on April 24, 1909, the court erred in failing to allow interest at the legal rate

on the overdue quarterly instalments after November 24, 1892. After careful consideration of the various points made and authorities cited by counsel in this connection, and after a review of the record, we have concluded that the court did not so err.

It is lastly contended by counsel that the court erred in failing to make provision in the decree of sale of said property for the payment of the instalments for Loretto's support falling due subsequently to the date of said sale and during the remainder of Loretto's life. Counsel argue that the court should have made such provision in one of two ways, either by directing a sale of the property subject to such "continuing charge * * * so long as said Loretto may live," or by "capitalizing" Loretto's life expectancy and directing that out of the proceeds of such sale the amount resulting from such capitalization be paid to complainant in addition to what the court in its decree directed should be paid complainant. We do not think, under the facts in this case, that it would have been either advisable or equitable for the court to have directed a sale subject to such continuing charge. The testimony tends to show that it was for the best interests of the ward and for the mortgagee, Weller, that the property be sold, and for the highest price possible. If the property had been offered at the judicial sale subject to such continuing annual charge, of uncertain duration, it probably would not have brought much. It is at least doubtful if the total amount realized would have been as much as the sum which complainant received from the sale as made, and which plaintiff in error is now asking to have increased out of the sum which the defendant Weller received. But we have reached the conclusion that the court erred in failing to make provision for Loretto's support after June 1, 1909, the date of the sale, and so long as she might live, out of the *proceeds* of such sale. In other words, out of the proceeds, the court, in addition to directing that the complainant be paid the amount found due him at the

date of said sale (as was done), should have directed that the surplus remaining, if any, be subject to said annual charge for Loretto's support so long as she might live, or in some other appropriate manner protected Loretto's rights after June 1, 1909. This surplus should only, if at all, have been paid over to the defendant Weller burdened with the charge in favor of Loretto.

When this writ of error was sued out of this court Loretto was living. Subsequently, on August 18, 1911, she died and her death has been suggested of record in this court. At her death the charge made by her father for her support ceased. In our opinion the sum of $1,438.12, which under the erroneous decree of the lower court was paid over to the defendant Weller unburdened with said charge in favor of Loretto, is in equity under the facts of this case charged with the payment of Loretto's support from June 1, 1909, to August 18, 1911, and that the defendant Weller should be directed by proper decree to pay to plaintiff in error the proper amount for such support for that period, at the rate of $312 per year, without interest.

The decree of the Superior Court is accordingly reversed and the cause is remanded with directions that that court enter a decree not inconsistent with the views herein expressed, the sale of the property made to H. O. Stone to stand.

*Reversed and remanded with directions.*