MINNIE CLAVEY *et al.* Appellants, *vs.* CHARLOTTE SCHNADT *et al.* Appellees.

*Opinion filed April 20, 1916.*

1. PRACTICE—*the master's conclusions of law may be questioned without preserving objections and exceptions in record.* The conclusions of law by a master in chancery from the facts proven may be questioned in a court of review without preserving in the record the objections and exceptions to the report.

2. HUSBAND AND WIFE—*what presumed to be a gift or advancement.* .Where a person purchases a farm with a part of his means and has the deed made to his wife the presumption of law is that he intended the land as a gift or advancement to the wife, and the facts that he and his wife and family move onto the land and that he improves it and pays the taxes is not inconsistent with such presumption; and while such presumption is not conclusive, the burden is on one who seeks to overcome it and establish a resulting trust after the husband's death to do so by clear and convincing proof.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

FREDERICK PEAKE, for appellants.

MULLEN & L'AMOREAUX, (GEORGE T. PRESCHERN, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county dismissing for want of equity a bill filed by Henry Schnadt, Fred Schnadt, Minnie Clavey, Susanna Guinand and Viola Metzger against Charlotte Schnadt and Charles Schnadt, seeking to have the title to certain land held by Charlotte Schnadt declared to be held under a resulting trust in favor of the heirs of Henry Schnadt, deceased. Complainants Henry Schnadt, Fred Schnadt and Minnie Clavey are the children of Henry Schnadt, deceased, and complainants Susanna Guinand and Viola Metzger are daughters of a deceased child of Henry Schnadt. Defendants, Charlotte Schnadt and Charles Schnadt, are the widow and son, respectively, of Henry Schnadt, deceased.

The bill alleged Henry Schnadt, the father, died December 9, 1911; that he purchased the property, a 95-acre farm in the town of Northfield, Cook county, Illinois, the title to which is in controversy, on April 23, 1892, paid the consideration therefor, went into possession and improved the same; that the title to the property was taken in the name of the wife, Charlotte Schnadt, in trust for him, and that the conveyance was not intended as a gift or advancement to the wife; that the wife, during the lifetime of the husband, never claimed any beneficial interest in the property; that at the time of the purchase the wife had no means of her own and her husband was not indebted to her, and that the husband either occupied or rented the farm up to the time of his death. The bill claimed ownership in complainants and defendant Charles Schnadt, as heirs of Henry Schnadt, deceased, subject to the dower of the widow, defendant Charlotte Schnadt, and asked for an accounting of the rents and profits since the death of said Henry Schnadt. The widow, Charlotte Schnadt, answered the bill. She admitted the death of the husband and the heirship alleged in the bill but denied the husband exercised acts of ownership

272 — 30

over the property and alleged his management of the farm was as her agent; denied she had no means of her own at the time the property was purchased, and alleged she bought and paid for the property with money received from the sale of other property given her by her husband, and claimed title to the property as her own. Defendant Charles Schnadt did not answer the bill. The cause was referred to a master in chancery, who heard the evidence and reported, recommending that the relief prayed for in the bill be granted. The superior court overruled the findings and conclusions of the master, found the allegations of the bill had not been proven and dismissed the bill for want of equity. This appeal follows.

The record does not contain the objections and exceptions of appellees to the report of the master, and it is insisted by appellants that the findings and conclusions of the master are conclusive. The decree recites that exceptions were sustained to the master's report, but, in any event, it was not the facts reported by the master but his conclusions of law from the facts that were questioned. This may be done without making or preserving in the record the objections and exceptions to the report. *Hurd* v. *Goodrich,* 59 Ill. 450; *VonTobel* v. *Ostrander,* 158 id. 499; *Strayer* v. *Dickerson,* 213 id. 414.

There is no proof in the record that the consideration for the purchase of the land in controversy was paid for, in whole or in part, out of the separate estate of Charlotte Schnadt. For about eighteen years prior to the purchase of the farm the family of Henry Schnadt lived on a 77-acre tract of land called the Techny farm, the title to which was in Henry Schnadt. In 1892 that farm was sold for $150 per acre, or $11,550. It was subject to a mortgage for $1000, and it and other land were subject to another mortgage for $700. The $1000 mortgage was assumed by the purchaser and the $700 mortgage was released as to the 77 acres and was afterwards paid. The farm in contro-

versy was purchased from Joseph LeVernier for $6175, which we understand was paid in cash. Henry Schnadt most of his life was engaged in farming and dairying, and his whole family, while his children remained at home, assisted in carrying on the work. When the farm in controversy was purchased he caused the deed to be made to his wife. Under the facts and circumstances the presumption of law is that he intended the land as a gift or advancement to his wife, and the fact that he and his wife and family moved upon and occupied it and improved the property and paid the taxes is not inconsistent with the presumption that he intended it as a gift or advancement. (*Maxwell* v. *Maxwell,* 109 Ill. 588; *Johnston* v. *Johnston,* 138 id. 385; *Dorman* v. *Dorman,* 187 id. 154; *Dodge* v. *Thomas,* 266 id. 76.) Such presumption is not conclusive, but the burden is on the party seeking to overcome the presumption and establish a resulting trust to do so by clear and satisfactory evidence. (*Bachseits* v. *Leichtweis,* 256 Ill. 357; *Dodge* v. *Thomas, supra.*) Upon the question whether Henry Schnadt by his declarations and conduct during his lifetime claimed the land belonged to him or recognized the ownership to be in his wife the proof is conflicting. Appellants offered testimony tending to show he claimed the land was his and so treated it, while appellees offered proof that he said it belonged to his wife, and referred a man who desired to purchase a small part of the land to his wife as the owner, and also referred an applicant to rent the farm to his wife as the owner. It would serve no useful purpose to set out the substance of all the testimony. In our judgment it fell far short of being sufficient to establish a resulting trust. No facts proved, considered in connection with the circumstances, conditions and relations of the parties, were sufficient to overcome the presumption that Henry Schnadt intended the conveyance of the land as a gift to his wife. She was the mother of all his children and by their joint efforts they had accumulated and saved the money to buy

it, and by the laws of descent when the wife died the title would go to their children. The farm was not the only estate or property owned by Henry Schnadt at the time the deed was made to his wife. He owned another tract of land worth at the time $900 or $1000, besides personal property the value of which is not shown. At the time of his death he owned a residence in the village of Shermerville, where he and his wife resided, a note for $500, and had on deposit in the bank, to the credit of Henry Schnadt and Charlotte Schnadt, payable to either or the survivor, $3000.

In our judgment the evidence fully warranted the chancellor in dismissing the bill for want of equity, and the decree is affirmed.

*Decree affirmed.*