**Jessie A. Morgan, Plaintiff-Appellee, v. Robert Hamlet, Defendant-Appellant.**

**Term No. 51–M–15.**

Opinion filed November 24, 1951. Released for publication December 26, 1951.

JAY B. STRINGER, of Mt. Vernon, for appellant.

POWLESS & WINTERS, of Marion, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an appeal from a judgment in the amount of $5,150 entered by the circuit court of Williamson county, on the verdict of a jury returned on October 5, 1950, in favor of Jesse A. Morgan, plaintiff-appellee (hereinafter called plaintiff), and against Robert Hamlet, defendant-appellant (hereinafter called defendant).

The action was filed by plaintiff against defendant for personal injuries arising out of an automobile accident wherein plaintiff, while crossing the street in a marked crosswalk, was struck by an automobile driven by defendant and owned by his mother, Sylvia McGee.

The defendant's answer to the complaint was filed "by Sylvia McGee, his mother and next friend." This answer denied all material allegations of the complaint. Thereupon the court allowed the cause to proceed to trial with the result previously mentioned.

Afterward defense counsel filed a motion for new trial. One of the asserted grounds, among others, was

that no guardian *ad litem* had been appointed for the defendant who was a minor aged 19 years. The court denied the motion, but appointed defense counsel guardian *ad litem*. However, this appeal was perfected by "Sylvia McGee mother and next friend" of the defendant. It is asserted on this appeal that the absence of an order appointing a guardian *ad litem* before trial requires reversal and remandment for a new trial.

Appellant relies upon such cases as *Bellchambers v. Ebeling,* 294 Ill. App. 247 and *Collins v. Hastings,* 283 Ill. App. 304. In these cases, no adult appeared for the defendants and their minority was unknown to the court until the conclusion of the trial. We cannot regard these cases as pertinent to the situation before us, wherein the minor defendant's mother appeared for him as next friend and performed all the functions of a guardian *ad litem.*

Where no guardian *ad litem* or next friend of the minor appears, it is the duty of the court to appoint one, and failure to do so, has been held reversible error. *Skaggs v. Industrial Commission,* 371 Ill. 535, 542. However, it has always been the rule in this State that, when it appears from the record that the minor was in fact represented by guardian, guardian *ad litem* or next friend, the absence of an order appointing the guardian *ad litem* will not require reversal. *Tibbs v. Allen,* 27 Ill. 119; *Tuttle v. Garrett,* 74 Ill. 444; *Patterson v. Pullman,* 104 Ill. 80.

In the latter case, reference was made to the wording of the statute (now sec. 293 of chap. 3, Ill. Rev. St. 1949 [Jones Ill. Stats. Ann. 110.390]) which recognizes the power of any court "to appoint or *allow* any person as the next friend of a minor to commence, prosecute or *defend* any suit in his behalf." While it is the usual practice to appoint an attorney as the guardian *ad litem,* this is not required. It was the Eng-

lish practice to appoint a near relative of the minor and this may still be done. *Rhoads v. Rhoads,* 43 Ill. 239, 248.

█ In common usage, the adult representative of a minor plaintiff is called next friend while that of the defendant is called guardian *ad litem,* but both are terms referring to officers of the court and their functions are substantially the same. 43 C. J. S. Infants, sec. 107; *City National Bank & Trust Co. of Chicago, v. Sewell,* 300 Ill. App. 582; *Clarke v. Chicago Title and Trust Co.,* 393 Ill. 419, 430. And it should be noted that the statute above quoted specifically recognizes that a next friend may be allowed to defend. Since that is what happened in this case, we hold that there was no reversible error in this respect.

There were other assignments of error all of which have been considered by the court, but we find no reversible error, and the judgment is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.